

PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICHARD WHITNEY,

        Plaintiff,

-v-

Superintendent S. CRONIN, Mr. M. PASSAGE Deputy Superintendent for Security, Ms. B. BOCH Offender Rehabilitation Coordinator, (JANE DOE) Mail Room Clerks, Senior ORC Coord. M. DONOHUE, Grievance Supervisor Partridge, SORC CAMPBELL,

        Defendants.
_____

18-CV-6260L
ORDER

## INTRODUCTION

*Pro se* Plaintiff, Richard Whitney, an inmate incarcerated at the Groveland Correctional Facility ("Groveland"), filed this action seeking relief under 42 U.S.C. § 1983. Docket No. 1 ("Complaint"). Plaintiff has also requested permission to proceed *in forma pauperis*. Docket No. 2. Plaintiff alleges that Defendants have violated his constitutional rights by denying him visits as well access to mail and packages, as more particularly set forth in the Complaint. For the reasons discussed below, unless Plaintiff files an amended complaint as directed, the Complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, Plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court

1

to conduct an initial screening of this Complaint. In evaluating the Complaint, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (per curiam)).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).

**Plaintiff's Allegations**

Plaintiff alleges that he was arrested and charged with unspecified domestic violence offenses in 2015 regarding his girlfriend, with whom he has a child. Complaint, p. 9. An order of protection was issued which Plaintiff describes as a "refrain from" order and not an order directing that he have no contact with the victim. *Id.* Plaintiff states that subsequently, in August of 2015, he was sentenced to a term of 1-3 years in prison for domestic violence offenses with regard to a different victim. *Id.* The website of the Department of Corrections and Community Supervision ("DOCCS") confirms that he is serving a sentence of 1-3 years for an "E" felony specified as "Aggravated Family Offense."[1]

Plaintiff alleges that in late August 2015, his girlfriend and child were denied visitation at Downstate Correctional Facility based on the outstanding order of protection. *Id.* Plaintiff further alleges that in late September 2017, at Groveland, Plaintiff was denied a food package set to him by the girlfriend and child, again due to the order of protection. *Id.* at 10. Plaintiff's counselor told him that the existence of the order of protection was the problem, rather than the specific prohibition. Plaintiff argues that this "should not be an issue for the Department of Corrections. They are not following a courts order." *Id.*

Plaintiff further alleges that, presently, the reason "they will not allow a visit is because there are no glass or any kind of separation between the inmate and those who are there to visit." *Id.* at 11. Plaintiff alleges that his "out going mail has been held and opened and this is a violation of federal laws which do not allow a prison to open outgoing mail unless it is a clear security risk." *Id.* at 12. He says that some of the affected mail

---

[1] http://nysdoccslookup.doccs.ny.gov

3

does not pertain to the first victim/girlfriend. Plaintiff also alleges that his "phone has been turned off." *Id.* Plaintiff asks that the Court order DOCCS be directed to permit visits with the girlfriend and child, to permit Plaintiff "phone calls and mail to and from one another like any other inmate", and for damages. *Id.* at 14. He alleges violations of his rights under the First Amendment. *Id.* at 6.

**Analysis**

"Under the First Amendment, prisoners have a right to the free flow of incoming and outgoing mail. . . A prisoner's right to receive and send mail, however, may be regulated." *Johnson v. Goord*, 445 F.3d 532, 534 (2d Cir. 2006) (citations and internal quotation marks omitted). Such regulations are valid if they are reasonably related to legitimate penological interests. *Id.* "Thus, the regulation of inmates' mail by state prison officials is a matter of internal prison administration with which courts will not interfere, absent a showing of a resultant denial of access to the courts or of some other basic right retained by a prisoner." *Angulo v. Nassau County*, 89 F. Supp. 3d 541, 553 (E.D.N.Y. 2015) (internal quotation marks omitted). With respect to non-legal outgoing mail, prison officials may open or read it but only if there is good cause. *See, e.g. Minigan v. Irvin*, 977 F. Supp. 607, 609 (W.D.N.Y. 1997).

Plaintiff's allegations regarding mail fall into two categories. The first involves Plaintiff's interactions with his first victim, concerning whom Plaintiff concedes there was an order of protection. Here, prison authorities clearly have good cause to monitor Plaintiff's correspondence, both incoming and outgoing. While Plaintiff characterizes the order as a "refrain from" order, presumably directing good conduct, the existence of any order of protection provides ample cause for monitoring Plaintiff's correspondence with

4

this individual. Plaintiff's reliance on the absence of a "no contact" order is misplaced. The issuing court has not impliedly ordered that DOCCS permit Plaintiff contact with the first victim, and DOCCS does not violate the order when it imposes further restrictions or limits contact based on firm evidence of prior incidents of domestic violence.

Plaintiff also makes conclusory allegations concerning mail sent to others. He says that mail "has been held and opened", and that "[s]ome of the mail that has been held was not even to the plaintiff's girlfriend, but to other family members." Complaint, p. 12. Clearly, some mail which was opened or "held" was directed to Plaintiff's girlfriend, the beneficiary of the first order of protection. Clearly, given Plaintiff's frequent contacts with or attempts to contact this person, prison officials have ample cause to monitor his outgoing mail. Officials have a duty to ensure that someone with two outstanding orders of protection for domestic violence does not attempt to evade these orders through third parties. Plaintiff will be permitted to amend his Complaint to set forth allegations, if possible, that the restrictions imposed on him were unjustified. See *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").

Plaintiff also alleges that he has been denied visitation with his girlfriend and their child.

> "The Fourth Circuit surveyed decisions of the U.S. Supreme Court to conclude that the Supreme Court had not yet recognized a constitutional right to prison visitation. For example, in *Overton v. Bazzetta*, 539 U.S. 126 (2003), the Supreme Court considered a constitutional challenge to certain prison regulations that imposed a two-year ban on visitation for prisoners with multiple substance-abuse violations. The Supreme Court noted that

> 'certain kinds of highly personal relationships' are protected under the Constitution, but stated that '[t]his is not an appropriate case for further elaboration of those matters.' *Id.* at 131. The Supreme Court further explained that '[a]n inmate does not retain rights inconsistent with proper incarceration,' and "freedom of association is among the rights least compatible with incarceration." *Ibid.*

*Malave v. Weir*, 3:16-CV-00009 (JAM), 2018 WL 500644, at *4 (D. Conn. Jan. 22, 2018). Plaintiff concedes that the reason "they will not allow a visit is because there are no glass or any kind of separation between the inmate and those who are there to visit." Complaint, p. 11. Thus, Plaintiff's allegations are not that he is denied all visitation with all parties, but that he is denied contact visits with someone with regard to whom there is an order of protection because of previous domestic violence allegations. *See Kelly v. McGowan*, 13-CV-6631-FPG, 2016 WL 4379006, at *3 (W.D.N.Y. Aug. 17, 2016) ("Plaintiff does not have a constitutional right to visitation and the relevant regulation [7 N.Y.C.R.R. § 201.4(a)][2] does not establish a liberty interest protected by the Due Process Clause"). Though not the same victim, a domestic violence offense is the same type of conduct for which he is serving his sentence. Plaintiff's allegations do not establish a violation of his constitutional rights, but he will be permitted to amend his Complaint.

**John Doe Defendants**

If Plaintiff does not know the name of a specific individual whom he contends is responsible for a particular constitutional deprivation, he may name this individual as a John Doe defendant, but he must provide sufficient information about the John Doe defendant to distinguish him from other individuals. Thus, in his Amended Complaint Plaintiff should indicate the shift and specific location worked or position held by the John

---

[2] "[A] superintendent may deny, limit, suspend for a term or indefinitely suspend the visitation privileges of any visitor if the superintendent has reasonable cause to believe that such action is necessary to maintain the safety, security, and good order of the facility." 7 NYCRR 201.4(a).

6

Doe defendant on the date of the occurrence, provide a physical description of the John Doe defendant, and include any other information which would tend to identify the defendant.

**Appointment of Counsel**

Plaintiff has filed a letter motion asking "whether or not I qualify or will be contacted by an attorney." Docket No. 3. The Court construes this as a request for the appointment of counsel pursuant to 28 U.S.C. § 1915(e). Because Plaintiff's claims are not going forward unless the Complaint is amended as directed above, Plaintiff's request for appointment of counsel is denied as premature.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* is granted. The Complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A unless Plaintiff files an amended complaint by **forty-five (45) days from the date of this Order**, in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (*quoting Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, Plaintiff's amended complaint must include all of the allegations against

each of the Defendants, so that the amended complaint may stand alone as the sole complaint in this action which the Defendants must answer.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's application to proceed *in forma pauperis* is granted;

FURHER, that Plaintiff's request for appointment of counsel is denied without prejudice as premature;

FURTHER, that Plaintiff is granted leave to file an amended complaint as directed above by **forty-five (45) days from the date of this Order**;

FURTHER, that the Clerk of Court is directed to send to Plaintiff with this Order a copy of the original Complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event Plaintiff fails to file an amended complaint as directed above, the Complaint is dismissed with prejudice;

FURTHER, that in the event the Complaint is dismissed, the Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
David G. Larimer
United States District Judge

DATED: May 3, 2018
Rochester, NY